**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-mj-8230-RMM**

UNITED STATES OF AMERICA

v.

JUSTIN HERNANDEZ,

Defendant.

_____/

FILED BY_____*MEE*_____D.C.

**Mar 27, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY:

JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office:   (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  26-mj-8230-RMM |
| JUSTIN HERNANDEZ, | ) | |
| | ) | |
| _____ | ) | |
| Defendant(s) | | |

FILED BY_____ *MEE* _____D.C.

**Mar 27, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____01/19/2026_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC §§ 922(g)(1), 924(e) | Felon in Possession of Firearm and Ammunition (Armed Career Criminal) |

This criminal complaint is based on these facts:

Please refer to the accompanying Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Kevin W. Drummond, Task Force Officer, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/27/26

_____
Judge's signature

City and state:          West Palm Beach, Florida

Ryon M. McCabe, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**A CRIMINAL COMPLAINT**
**Case No. 26-mj-8230-RMM**

I, Kevin W. Drummond, being first duly sworn, does hereby depose and state as follows:

**INTRODUCTION**

1.      Your affiant submits this affidavit in support of a criminal complaint charging **Justin HERNANDEZ** (hereinafter "HERNANDEZ"), with one (1) count of Felon in Possession of a Firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e) (Armed Career Criminal).

2.      Your affiant, Kevin W. Drummond, is a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since November 2017.  Your affiant is also a duly sworn Deputy Sheriff in and for Palm Beach County, Florida. In total, your affiant has approximately 22 years of law enforcement experience.  As a Task Force Officer with ATF, your affiant's duties and responsibilities include conducting criminal investigations of individuals that have violated federal laws, particularly laws contained in Titles 18 and 26, of the United States Code.

3.      The facts contained in this Affidavit come from my personal knowledge, training, and experience, as well as information obtained during my investigation from other members of law enforcement, witnesses, and the victims affected by these criminal violations. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint, it does not contain all the facts known to me about the investigation, but rather, those facts that I submit establish probable cause of the offenses listed herein.

## PROBABLE CAUSE

4.      At approximately 12:55 a.m. on January 19, 2026, Sergeant (Sgt.) H. Budish of the Palm Beach County Sheriff's Office (PBSO) was on patrol in the area of Forest Hill Boulevard (Blvd) and Haverhill Road, located in Palm Beach County and the Southern District of Florida, when he informed PBSO Agt. Martino that he observed a white Chevrolet Trax bearing FL Tag #IFFT58 traveling north. Sgt. Budish advised that the Trax had very dark tinted side windows, and the rear right passenger-side taillight was out. Sgt Budish advised that the vehicle came to a stop at the red light in the through lane set up to travel north through Forest Hill Blvd. When the light turned green, the vehicle made an abrupt right hand turn to go east on Forest Hill Blvd, violating the solid white line traffic control device (turned right from the through lane).

6.      Sgt Budish followed the vehicle and activated his red and blue lights as well as his sirens. The vehicle began to yield as if it was going to pull over in a neighborhood just south of Forest Hill Blvd, then it suddenly made an abrupt U-turn, and fled at a high rate of speed west on Forest Hill Blvd, and right onto Haverhill Rd. Agent Martino was in the area in an unmarked PBSO issued vehicle and began conducting mobile surveillance of the vehicle. The PBSO Aviation unit responded and conducted aerial surveillance of the vehicle as it drove around the West Palm Beach area. While the PBSO Aviation Unit was continuing to monitor the vehicle, the vehicle drove recklessly, including driving eastbound in the westbound lanes of traffic on Southern boulevard just west of Haverhill Rd.

7.      Florida Highway Patrol (FHP) was requested to assist with stopping the vehicle. FHP responded and attempted a traffic stop again in the area of Haverhill Road and Community Drive in West Palm Beach FL, which is located in Palm Beach County and the Southern District of Florida. The vehicle fled from FHP again, at which time FHP conducted a PIT maneuver,

2

disabling the vehicle. The vehicle came to a stop in Palm Beach County and the Southern District of Florida, at which point the driver and front seat passenger exited the vehicle and fled on foot.

8.     The driver fled north and attempted to hide in a body of water, Agt. Martino apprehended the driver. The driver was identified via his Florida driver's license photo as NB. NB has no Florida License ever issued and several suspensions, including at the time of his apprehension in this case.

9.     The passenger, who was identified as **Justin HERNANDEZ**, fled south and was apprehended on the south side of Community Drive. A small clear plastic bag containing a white powdered substance which subsequently field-tested positive for cocaine was located in the direct flight path of the passenger **HERNANDEZ**. FHP Trooper Alston brought the suspect **(HERNANDEZ)** to the ground and told **HERNANDEZ** several times to put his hands behind his back. Sgt Budish was also present during **HERNANDEZ's** apprehension by Trooper Alston. Sgt Budish observed the **HERNANDEZ**, an adult male, was actively resisting arrest and ignoring the Trooper's commands, until eventually being physically subdued by Sgt. Budish.

10.     The driver was charged by PBSO with aggravated fleeing and eluding (reckless) and resisting arrest without violence (Tracking Citation # AMTDAWE). The passenger **(HERNANDEZ)** was charged with resisting arrest without violence and possession of cocaine.

11.     In a vehicular search of the abandoned white Chevrolet Trax incident to arrest, and prior to its impoundment and towing, a handgun reported stolen in NCIC under Okeechobee County Case No. 17SO8931 was located inside the passenger compartment of the vehicle, being a Taurus Model PT709, 9mm semi-automatic pistol bearing serial number TGZ64993 According to the Okeechobee report the firearm was stolen between April 19, 2017 and April 20, 2017. The firearm was located directly behind the passenger seat where **HERNANDEZ** was sitting,

3

immediately preceding his flight from the vehicle. A subsequent examination of the pistol by PBSO forensic personnel using fresh exam gloves to clear the pistol determined it to be loaded with seven (7) rounds of FC head stamped 9mm live ammunition

12. PBSO Detective Conner drafted a DNA search warrant for **HERNANDEZ's** DNA. This State warrant was reviewed and approved on January 19, 2026. The DNA warrant was executed on January 20, 2026 at the Palm Beach County Main Detention Center without any issues, at which time DNA "standard" cheek buccal swabs were collected from defendant **HERNANDEZ.**

13. Your affiant reviewed the information provided by the Florida Highway Patrol (FHP) and noted Trooper Alston wrote a citation to the driver for Vehicle without lights at night. This citation was documented under Citation number AMJEX8E. Your affiant additionally spoke with Trooper Alston and he advised he did in fact observe the vehicle driving without the vehicle's lights on in the darkness of night prior to Trooper Alston attempting to stop the vehicle.

14. Your affiant initiated an investigation of **HERNANDEZ's** criminal history/convictions, and determined that at all times material hereto, that is, prior to January 19, 2026, HERNANDEZ was prohibited from possessing a firearm as **HERNANDEZ** was convicted of at least the following offenses in Palm Beach County Circuit Court (PBCCC) each of which was punishable by more than one year in prison under Florida law **(18 U.S.C. § 924(e) predicate offenses are rendered in bold font):**

      a. On or about June 22, 2009, HERNANDEZ was convicted in PBCCC Case No., 2009CF002066BXXXMB of Delinquent in possession of a firearm, in violation of Florida State Statute 790.23(1B);

4

b. On or about June 22, 2009, HERNANDEZ was convicted in PBCCC Case No., 2009CF005737AXXXMB of Possession of cocaine, in violation of Florida State Statute 893.13(6a);

c. **On or about September 19, 2011, HERNANDEZ was convicted in PBCCC Case No., 2010CF010775AXXXMB for two (2) counts of Sale of Cocaine, in violation of Florida State Statute 893.13(1a1); (Offense dates: June 4, 2010 and June 6, 2010)**

d. **On or about June 20, 2014, HERNANDEZ was convicted in PBCCC Case No. 2013CF008913AXXXMB of Aggravated Assault (Domestic), in violation of Florida State Statute 784.021, Fleeing or attempting to elude, in violation of Florida State Statute 316.1935(1), Resisting an Officer With Violence, in violation of Florida State Statute 843.01, and Possession of cocaine with intent to sell, in violation of Florida State Statute 893.13(1a); (Offense date for the possession of cocaine with intent to sell was August 23, 2013)**

e. **On or about June 20, 2014, HERNANDEZ was convicted in PBCCC Case No., 2014CF000546AXXXMB of Sale of Cocaine, in violation of Florida State Statute 893.13(1a1); (Offense date November 20, 2013)**

f. **On or about June 20, 2014, HERNANDEZ was convicted in PBCCC Case No., 2014CF000548AXXXMB of Sale of Cocaine, in violation of Florida State Statute 893.13(1a1); (Offense date November 21, 2013)**

g. **On or about June 20, 2014, HERNANDEZ was convicted in PBCCC Case No., 2014CF000544AXXXMB of Possession of cocaine with intent to sell,**

5

in violation of Florida State Statute 893.13(1a); (Offense date January 14, 2014)

h. **On or about June 20, 2014, HERNANDEZ was convicted in PBCCC Case No., 2014CF000543AXXXMB of Sale of cocaine, in violation of Florida State Statute 893.13(1a1); (Offense date November 22, 2013)**

i. On or about June 17, 2022, HERNANDEZ was convicted in PBCCC Case No., 2018CF007619AXXXMB of Fleeing or attempting to elude, in violation of Florida State Statute 316.1935(3a), **Resisting an Officer With Violence, in violation of Florida State Statue 843.01**, Felon in Possession of a Firearm, in violation of Florida State Statute 790.23(1ace3),[1] and possession of Fentanyl, in violation of Florida State Statute 893.13(6a).

15.     On or about February 25, 2026, your affiant received the DNA report from DNA Labs International, a nationally and internationally accredited DNA analysis laboratory, related to the comparison of DNA obtained from the below described swabs of the firearm, with **HERNANDEZ's** known DNA standard. The following are the results for the comparison:

a.     **Swabs from trigger/interior guard**

No blood was indicated on this item. The DNA profile obtained from this item indicates a mixture of at least three individuals with at least one male contributor. This DNA profile was interpreted as four contributors. Justin Hernandez could not be ruled out as a possible contributor to this mixed DNA profile.

---

[1] Your affiant notes that the defendant's prior conviction for Felon in Possession of a Firearm thereby establishes his notice of the firearms' disability for convicted felons as required by the Supreme Court's decision in *Rehaif v. United States*, 588 U.S. 225 (2019).

The DNA profile obtained from this item is approximately 44 quadrillion times more likely if the sample originated from Justin Hernandez and three unknown persons than if it originated from four unknown persons. This analysis provides very strong support for the proposition that Justin Hernandez is a contributor to the DNA profile obtained from the sample.

b.      **Swabs from body/frame and Swabs from grips**

No blood was indicated on DLI item 26-1139_1.2. These swabs were combined into a single sample for DNA analysis (DLI sample 26-1139_1.2A). The DNA profile obtained from this sample indicates a mixture of at least five individuals with at least one male contributor. Due to the complex nature of this mixed DNA profile, it is inconclusive for comparison purposes.

c.      **Swabs from magazine**

No blood was indicated on this item. The DNA profile obtained from this item indicates a mixture of at least three individuals with at least one male contributor. Justin Hernandez could not be ruled out as a possible contributor to this mixed DNA profile.

The DNA profile obtained from this item is approximately 98 quadrillion times more likely if the sample originated from Justin Hernandez and two unknown persons than if it originated from three unknown persons. This analysis provides very strong support for the proposition that Justin Hernandez is a contributor to the DNA profile obtained from the sample.

16.      As part of this investigation, an ATF Special Agent trained in Firearms Interstate Nexus examined the firearm and ammunition. The Special Agent identified the firearm as a Taurus Model PT709 Serial No. TGZ64993, 9mm semi-automatic pistol. The Special Agent additionally identified the seven (7) rounds of ammunition as Federal 9 mm live ammunition. The Special Agent determined the firearm and ammunition were both manufactured outside the State of Florida, and therefore traveled in and affected interstate or foreign commerce.

7

## CONCLUSION

WHEREFORE, on the basis of the facts and circumstances set forth above, your affiant respectfully submits probable cause exists to charge **Justin HERNANDEZ,** with the following violation of federal law: one (1) count of Felon in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(Armed Career Criminal)

FURTHER YOUR AFFIANT SAITH NAUGHT

Kevin W. Drummond,
Task Force Officer, ATF

SWORN AND ATTESTED TO ME
TELEPHONICALLY (VIA FACETIME)
BY THE APPLICANT IN ACCORDANCE
WITH THE REQUIREMENTS OF
FED. R. CRIM. P. 4(d) AND 4.1 THIS
____27____ DAY OF MARCH, 2026.

RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:**    Justin HERNANDEZ

**Case No:**        26-mj-8230-RMM

**Count #: 1**
**Possession of a Firearm and Ammunition by a Convicted Felon**
**Title 18, United States Code, Sections 922(g)(1), 924(e)**

* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 15 years
* **Max. Supervised Release:** Five (5) years
* **Max. Fine:** $250,000.00
* **Special Assessment:** $100.00
* **Immigration Consequences:** Removal (deportation) upon conviction if defendant is a non-U.S. citizen